J-S45027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN SAVAGE | |
| Appellant | No. 1892 EDA 2013 |

Appeal from the Judgment of Sentence of August 24, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.:     CP-51-CR-0001391-2008
CP-51-CR-0008647-2007
MC-51-CR-0057415-2007

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 26, 2014**

Shawn Savage appeals his August 24, 2010 judgment of sentence. We affirm.

The sentencing court[1] summarized the relevant factual and procedural history of this case as follows:

> On June 5, 2009, Shawn Savage knowingly and voluntarily entered into three negotiated guilty pleas for three separate instances of retail theft — each graded as felonies of the third degree.[1] [Savage] received the negotiated sentences of [six to twenty-three] months, plus two years [of] reporting probation, on each count, to run concurrent[ly].

_____

[*]     Former Justice specially assigned to the Superior Court.

[1]     Because Savage challenges only aspects of his sentence, we refer herein to the trial court as the "sentencing court."

[Savage] was paroled in June 2010.  A mere **six days** after being paroled[, Savage] was arrested again in Bucks County for retail theft [after] stealing $1,500 worth of goods.  During this arrest, [Savage] engaged in a physical altercation with police.[2]  [Savage] was convicted of this retail theft, resisting arrest, two counts of simple assault, and possession of an instrument of crime and sentenced to a period of incarceration.  This conviction put [Savage] in direct violation of his sentence by [the sentencing court].  He was also cited for technical violations [of his parole,] including absconding from probation.

> 2    This was not the first time [Savage] was convicted of assaulting a police officer.  While being arrested for possession of heroin and cocaine, [Savage] punched an officer in the mouth (CP-51-CR-0512851-1999).

A violation of probation hearing was held on August 13, 2010.  Despite serious misgivings, [the sentencing court] gave [Savage] another chance to rehabilitate himself on the street, and resentenced [Savage] to seven years [of] reporting probation on each felony, to run concurrent[ly].  Strict conditions were imposed on [Savage], including the condition that [Savage] report to his probation officer within [forty-eight] hours of his release and immediately report to his drug treatment program.

[Savage] again **immediately** violated his probation when he was paroled by failing to report to his probation officer or his drug treatment program.  A second violation of probation hearing was held on August 24, 2010, during which [the sentencing court] revoked [Savage's] reporting probation and resentenced [Savage] to [one and a half to three] years [of] incarceration on each felony count, with two of the sentences running consecutive[ly] and the third running concurrent[ly].

After the second violation hearing and resentencing[, Savage] did not file a direct appeal.  Nearly a year later, on June 29, 2011, [Savage] filed a *pro se* petition pursuant to the Post-Conviction [] Relief Act, 42 Pa.C.S. § 9541 *et seq*.  PCRA counsel was appointed and on Nov[ember] 2, 2012, counsel filed an amended PCRA petition.  The amended petition asserted that trial counsel was ineffective for failing to file a direct appeal of [Savage's] violation of probation sentence, despite [Savage's] request to do so.  Thereafter, [Savage] requested the

reinstatement of his right to file a direct appeal *nunc pro tunc*, which this court granted on June 12, 2013.[3]

> [3] The Commonwealth did an investigation into, and confirmed, [Savage's] assertion that his trial counsel failed to file a direct appeal despite [Savage's] request that an appeal be taken.

Sentencing Court Opinion ("S.C.O."), 1/3/2014, at 1-2 (citations omitted or modified, minor modifications to capitalization, emphasis in original).

On July 9, 2013, Savage filed a timely notice of appeal. On July 17, 2013, the sentencing court ordered Savage to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 2, 2013, Savage timely complied with the sentencing court's order. On January 3, 2014, the sentencing court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Savage presents two issues for our review:

1. Whether the [sentencing] court abused its discretion in sentencing [Savage] to a harsh and excessive sentence as presented in [Savage's] petition to vacate and reconsider sentence?

2. Whether the [sentencing] court abused its discretion by revoking [Savage's] parole [and] probation?

Brief for Savage at 8.

In his first issue, Savage argues that his sentence was harsh and excessive, because the sentencing court allegedly failed to consider Savage's rehabilitative needs as is required by 42 Pa.C.S. § 9721(b). Brief for Savage at 15-17. Thus, Savage's first issue constitutes a challenge to the

discretionary aspects of his sentence. ***Commonwealth v. Walker***, 666 A.2d 301, 307 (Pa. Super. 1995).

Before we reach the merits of Savage's first issue, we first must assess whether Savage properly has preserved this issue for our review. Challenges to the discretionary aspects of a sentence generally are waived if they are not raised at the sentencing hearing or in a post-sentence motion to modify the sentence. ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-74 (Pa. Super. 2006) (citation omitted). The sentencing transcript in this case reflects that Savage did not raise a challenge to the discretionary aspects of his sentence in open court after the sentencing court announced its sentence. Notes of Testimony of Violation of Probation Hearing, Volume 2 ("N.T. V.O.P. 2"), 8/24/2010, at 10-12.

Because Savage did not raise his first issue at his violation of probation hearing after his sentence was imposed, we turn our attention to whether he properly preserved this issue in a post-sentence motion. As a general matter, when resolving an appellate issue, we are limited to considering only the materials that are contained in the certified record. ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006) (citation omitted). The appellant bears the burden to ensure that the certified record is complete in that "it contains all of the materials necessary for the reviewing court to perform its duty." ***Id.*** at 7 (citation omitted). "[A]ny document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies

- 4 -

of the missing documents in a brief or in the reproduced record." ***Id.*** at 6 (citations omitted). In the absence of an adequate certified record, there is no basis upon which an appellant's requested relief can be granted. ***Id.*** at 7.

In his brief, Savage indicates that he filed a motion to vacate and reconsider his sentence on September 3, 2010, and he states that this motion was denied by operation of law. Brief for Savage at 11. Additionally, on September 28, 2010, the Alternative Sentencing Unit of the Defender Association of Philadelphia sent a letter to Savage indicating both that they had filed a motion to vacate and to reconsider the sentence on Savage's behalf, and that the motion had been denied by operation of law. Letter to Savage, 9/28/2010. However, the docket does not reflect that such a motion ever was filed or that such a motion ever was denied by operation of law. Furthermore, the certified record does not contain an order or other indication that such a motion ever was denied by operation of law.

If an appellant fails to raise a challenge to the discretionary aspects of his sentence at the sentencing hearing, he must raise it in a post-sentence motion in order to preserve it. ***Shugars***, *supra*. Where, as here, an appellant alleges that a post-sentence motion has been filed, then that motion is necessary to this Court's review of the issue. ***Preston***, 904 A.2d at 7. Instantly, Savage bears the burden of ensuring that the certified record is complete. ***Id.*** Savage's alleged post-sentence motion is neither listed in the docket nor included in the certified record. Savage's post-

- 5 -

sentence motion is deemed non-existent for purposes of this appeal. *Id.* at 6. Because the certified record is incomplete, Savage has not met his burden and there is no basis upon which relief can be granted. *Id.* at 7. Consequently, Savage did not properly preserve his first issue. *Shugars*, *supra*. For the foregoing reasons, we are constrained to find that Savage's first issue before this Court is waived. *Id.*

In his second issue, Savage argues that the sentencing court abused its discretion by revoking Savage's parole and probation because Savage "did not commit a criminal offense when he was found to be in violation of his probation/parole for a second time." Brief for Savage at 19. Furthermore, he argues that the sentencing court allegedly "failed to balance the interests of society in preventing future criminal conduct by [Savage] against the possibility of rehabilitating [Savage] outside of prison." *Id.* Savage's second issue challenges the sufficiency of the evidence supporting his revocation sentence. *Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010).

"The scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." *Id.* at 883-84 (citation omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates [that] the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Commonwealth*

*v. Infante*, 888 A.2d 783, 791 (Pa. 2005). "[T]he Commonwealth need only make this showing by a preponderance of the evidence." *Ortega*, 995 A.2d at 886 (citation omitted).

The question before this Court is whether the evidence admitted at Savage's violation of probation hearing established, by a preponderance of the evidence, that probation had proven ineffective at rehabilitating Savage and deterring him from antisocial behavior. *Id.* In addressing this question, the Commonwealth proffered testimony from Savage's probation officer that Savage, in violation of a condition of his probation, did not report to his probation officer within forty-eight hours of his release. N.T. V.O.P. 2 at 1-3. Furthermore, the sentencing court considered Savage's continuing antisocial behavior and failed past attempts at rehabilitation when it addressed Savage at his violation of probation hearing:

> As an adult, [you have] [twenty-four] arrests, [eleven] convictions, [seventeen] probation and parole violations, eight willful [failure to appear warrants], eight aliases, seven phony dates of birth — I'm reading from the presentence investigation — seven phony Social Security numbers. Apparently, [you are] a harden[ed] career criminal . . . . So [the Commonwealth believes] that your likelihood of recidivism [is] high and I have no choice at this time but to revoke your probation on each of these counts. I don't believe that you can be properly supervised on the street. I don't want somebody with your issues . . . on my [conscience] out there causing more crimes, being . . . a danger to the public.

*Id.* at 7-9. In light of both the probation officer's testimony and Savage's failed past attempts at rehabilitation, the evidence adduced at Savage's

violation of probation hearing was sufficient to support the revocation sentence imposed by the sentencing court. *Ortega*, 995 A.2d at 886.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014