J-S79034-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| OMAR COPELAND, | : | |
| Appellant | : | No. 1213 EDA 2014 |

Appeal from the Judgment of Sentence Entered February 21, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0001951-2007
CP-51-CR-0005235-2009

BEFORE:     ALLEN, OLSON, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:              **FILED FEBRUARY 10, 2015**

Omar Copeland (Appellant) appeals from the judgment of sentence entered February 21, 2014 following the revocation of his probation at the above-captioned case numbers.  We affirm.

The violation court set forth the relevant factual and procedural history of this case as follows.

> In the first case, CP-51-CR-0001951-2007, [Appellant] was arrested on December 3, 2006 and charged with a variety of drug offenses. On December 14, 2007 [Appellant] appeared before the Honorable Leslie Fleisher, now retired, and pled guilty to one count of possession with intent to deliver a controlled substance (PWID) and was sentenced to 9 to 23 months [of] confinement, followed by 2 years [of] consecutive reporting probation. He received credit for time served and was immediately released on parole. [The violation] court was assigned Judge Fleisher's case upon her retirement. In the second case, CP-51-CR-0005235-2009, [Appellant] was arrested on April 10, 2009, and charged with a variety of weapons and drug offenses, while serving probation in CP-51-CR-0001951-

*Retired Senior Judge assigned to the Superior Court.

2007. On March 8, 2010, [Appellant] appeared before [the violation] court, entered into a negotiated guilty plea to PWID and received a sentence of 11 ½ to 23 months [of] confinement, followed by 3 years [of] consecutive reporting probation, at CP-51-CR-0005235-2009. [Appellant] did not appeal his March 8, 2010 conviction. Because [Appellant] was convicted of a crime which occurred during his probationary term, a **Gagnon II**[1] hearing was held on April 9, 2010 where [the violation] court found him in direct and technical violation and revoked the probation imposed by Judge Fleisher, at CP-51-CR-0001951-2007. His sentencing hearing was deferred until June 18, 2010, at which time [Appellant] was resentenced to 21 to 42 months [of] confinement followed by 18 months [of] consecutive reporting probation on the first case, at CP-51-CR-0001951-2007. [Appellant] did not appeal his June 18, 2010 sentence.

On September 4, 2013, while serving probationary terms in the two separate cases, both imposed by [the trial] court, at CP-51-CR-0001951-2007 and at CP-51-CR-0005235-2009, [Appellant] was arrested and charged with a variety of weapons and assault offenses, at CP-51-CR-0013639-2013. Thereafter, [a **Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973)[2]] hearing was held prior to trial on the new criminal charges. On February 21, 2014, at the [**Kates**] hearing, [Appellant] was found to be in violation of both probationary sentences imposed by this court on March 8, 2010 and June 18, 2010—respectively at CP-51-CR-0005235-2009 and CP-51-CR-0001951-2007. Immediately following the [**Kates**] hearing, [Appellant] was sentenced to a concurrent term of 2 1/2 to 5 years [of] state incarceration, for violating probation in these cases, at CP-51-CR-0001951-2007 and CP-51-CR-0005235-2009.

On February 28, 2014, [Appellant] filed a Motion to Reconsider and Modify Sentence pursuant to Pa.R.Crim.P. 708(E). The motion was denied on March 7, 2014 and

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[2] In **Kates**, our Supreme Court held that when a probationer has been charged with a new offense, his probation may be revoked prior to a trial on the new charge so long as the court supervising the probationer holds a hearing on the matter. **Id.**

[Appellant] consequently filed a Notice of Appeal on April 4, 2014. On April 16, 2014, [the violation] court ordered [Appellant] to file a Statement of [Errors] Complained of on Appeal in accordance with Pa.R.A.P. 1925(b). On May 14, 2014, said statement was filed by [Appellant].

Trial Court Opinion, 7/10/2014, at 1-3 (footnotes omitted).

On appeal, Appellant claims that the evidence was insufficient to establish that he violated his probation "on the basis that he possessed a firearm on September 2, 2013." Appellant's Brief at 3. Specifically, Appellant takes issue with the Commonwealth's failure to produce the firearm he allegedly possessed or a property receipt for the same. **Id.** at 10-12. Without this evidence, he contends that the Commonwealth was unable to sustain its burden of proving the item possessed was an operable firearm. **Id.**

A claim that the evidence was insufficient to prove that Appellant violated the terms of his probation is

> a question of law subject to plenary review. We must determine whether the evidence admitted … and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth …, is sufficient to support [a finding that the appellant violated the terms of his probation]. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

**Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa. Super. 2007) (citation omitted).

As this Court has stated:

A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct. Moreover, the Commonwealth need only make this showing by a preponderance of the evidence.

*Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010) (citations and footnote omitted). "The 'preponderance of the evidence' is the lowest burden of proof in the administration of justice, and it is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly in one's favor." *Id.* at 886 n.3.

The facts underlying Appellant's probation violation were outlined by the violation court as follows.

On Tuesday, September 3, 2013, around 10:30 p.m., Officer McCallister and his partner were patrolling in plain clothes in an unmarked vehicle as part of a tactical unit in response to increased robberies in the area of [4000] Sloan Street in Philadelphia County. The officers received a radio call of a man with a gun, which described a suspect in the area as a black male wearing a blue hat, blue shirt and white cargo jeans. The officers then observed [Appellant], who matched that description, walk southbound on the 4000 block of Sloan Street and then make a right on the 3900 block of Baring Street. The officers approached [Appellant], exited the unmarked vehicle, displayed their badges, identified themselves as police officers and yelled for [Appellant] not to move. However, [Appellant] fled with Officer McCallister in foot pursuit and his partner following in the unmarked vehicle.

During the pursuit, in an area well illuminated by streetlights and Officer McCallister's flashlight and from a distance of about 10 feet, [Appellant] reached into the front of his waistband and threw a silver revolver down the opening of a sewer at 413 North Sun Street. Officer McCallister continued to

- 4 -

pursue [Appellant] to 3909 Willow Street where a struggle ensued as [Appellant] attempted to open the screen door to that house, where he claimed he resided. The struggle eventually entered the house and escalated into a more physical altercation. Within seconds, a University of Pennsylvania police officer entered the house and assisted Officer McCallister in placing [Appellant] under arrest. Approximately one minute after [Appellant] was placed in custody, Officer McCallister returned to the location where he observed [Appellant] discard the firearm. There, he observed the silver revolver lying in the sewer hole in a "six-inch high opening … probably a foot from the front of the sewer to the actual hole."

Officer McCallister testified that he then "held the area" for detectives, who he presumed recovered the weapon and placed it on a property receipt. Officer McCallister however did not witness the recovery of the weapon or the preparation of a property receipt. The weapon and property receipt were not presented at the revocation hearing.

Violation Court Opinion, 7/10/2014, at 4-5 (citations omitted).

Under the preponderance of the evidence standard, and viewed in the light most favorable to the Commonwealth, we are satisfied that the admitted evidence is sufficient to permit the court to find that Appellant violated the terms of his probation. In so holding, we reject Appellant's argument that the Commonwealth's failure to produce the firearm, ballistics test, or property receipt is dispositive. The violation court credited Officer McCallister's testimony. Moreover, Appellant was charged with, *inter alia*, persons not to possess a firearm, 18 Pa.C.S. § 6105. This Court has held that the Commonwealth is not required to demonstrate operability of the firearm to sustain a conviction under section 6105. ***See Commonwealth v.***

***Thomas***, 988 A.2d 669 (Pa. Super. 2010); ***see also*** 18 Pa.C.S. § 6105(i) ("As used in this section only, the term 'firearm' shall include any weapons which are designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon."). Thus, the operability of the silver revolver observed by Officer McCallister has no bearing on at least one of Appellant's underlying charges.

Finally, as the violation court pointed out, the question at a ***Kates*** hearing is whether Appellant is amenable to probation. N.T., 2/21/2014, at 22.

> [The Commonwealth has] a uniform[ed] police officer saying I observed the man who later turns out to be [Appellant] who is on probation in possession of a handgun. Thereafter, that handgun that the officer believes it was his handgun [*sic*] was recovered. In the interim [Appellant] engages in a struggle with someone that identifies himself as a police officer.
>
> This is inconsistent with conduct required of a probationer….

***Id.*** We agree with the court's analysis. Accordingly, we conclude that the violation court did not err in determining Appellant violated his probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/10/2015