J-S55028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY HANNIBAL | |
| Appellant | No. 3832 EDA 2017 |

Appeal from the Judgment of Sentence imposed September 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006810-2014

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                 **FILED OCTOBER 22, 2018**

Appellant Timothy Hannibal appeals from his judgment of sentence of 1½—7 years' imprisonment for possession with intent to deliver a controlled substance ("PWID").[1]  Appellant argues, *inter alia*, that the trial court erred in determining that he was not eligible for the Recidivism Risk Reduction Incentive ("RRRI")[2] program without requesting the Commonwealth's position.  We affirm.

The trial court summarized the history of this case as follows:

> On December 21, 2014, [Appellant] pleaded guilty to one count of [PWID] (crack cocaine) . . .  On that date, the Court imposed the negotiated sentence of time in to twenty-three months'

---

[1] 35 P.S. § 780-113(a)(30).

[2] 61 P.S. §§ 4501-4512.

incarceration, to be followed by a two-year period of reporting probation. [Appellant] was immediately paroled.

Once released, [Appellant] never reported for supervision. On March 26, 2015, [Appellant] appeared before the Court for a hearing regarding the alleged violation of the terms of his parole ("VOP"). At that time, the Court revoked [his] parole and sentenced him to back-time. [He] was re-paroled on September 17, 2015. Shortly thereafter, [he] once again absconded from supervision, and an absconder warrant was subsequently issued on October 28, 2015. His whereabouts were unknown to the Probation and Parole Department until November 28, 2015, when he was arrested for aggravated assault (18 Pa.C.S. § 2702(a)) and related offenses. [He] was ultimately acquitted of these charges. However, at [his] second VOP hearing on March 11, 2016, the Court revoked [his] parole as a result of [his] second episode of absconding, and again sentenced him to back-time. The Court warned [him] that if he absconded again, the Court would likely impose a state sentence.

On July 11, 2016, [Appellant] was re-paroled. Once more, [he] absconded from supervision. On September 16, 2016, at [his] third VOP hearing, the Court terminated [his] parole, revoked his probation, and resentenced him to 1½ to 7 years' incarceration. [Appellant] filed a Petition to Vacate and Reconsider VOP Sentence on September 22, 2016, which the Court denied on September 30, 2016.

On March 31, 2017, [Appellant] filed a *pro se* petition under the Post Conviction Relief Act ("PCRA") seeking reinstatement of his appellate rights. Raymond D. Roberts, Esquire was appointed to represent [Appellant] on April 6, 2017, and filed an Amended Petition on April 12, 2017. On November 27, 2017, the Court entered an order granting [Appellant]'s PCRA petition and reinstated [his] right to file a direct appeal.[3]

Trial Court Opinion, 2/26/18, at 1-2.

Appellant raises the following issues in this appeal:

_____

[3] Appellant filed a notice of appeal on November 28, 2017, one day after the trial court reinstated his direct appeal rights.

[1].   Whether the trial court erred in summarily concluding Appellant, without input from the prosecution, was ineligible for RRRI.  The applicable statute allows the prosecution to waive any objection to RRI eligibility.

[2].   Whether the trial court erred in sentencing Appellant to a sentence of total confinement where his only violation was a failure to report and he was presented with documents by the Philadelphia Prison Systems which indicated that he need not report.  At the time of the technical violation, Appellant was employed and had rehabilitated himself.  He did himself what probation was designed to do.  Therefore, according to **Commonwealth v. Cottle**, he should not have been sentenced to a sentence of total confinement.

[3].   Whether the trial court erred in sentencing Appellant to a sentence of total confinement based wholly or partially on having advised him at a previous proceeding that he would receive a state sentence if he violated again.

[4].   Whether Pennsylvania law bars the imposition of a prison sentence for technical violations absent a finding that the conduct of the defendant indicates he is likely to commit another crime if not incarcerated, or that the sentence imposed is essential to vindicate the authority of the court.  42 Pa.C.S.[A.] § 9771.  Section 9771 requires that the trial court follow the principle that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  The sentence imposed was excessive in that it far exceeded what was required to protect the public and was well beyond what was necessary to foster the defendant's rehabilitation for such a technical violation.

Appellant's Brief at 6.

Appellant first argues that the trial court erred by failing to obtain the Commonwealth's position concerning whether he was RRRI-eligible.  This argument lacks merit.

The RRRI Act offers eligible offenders the ability to reduce their minimum sentence by participating "in evidence–based programs that reduce the risks of future crime." 61 Pa.C.S.A. §§ 4502, 4505-06. When sentencing an offender, the court must "make a determination whether the defendant is an eligible offender." 61 Pa.C.S.A. § 4505(a). If the court determines that the offender is RRRI eligible, the court imposes sentence and then reduces the minimum sentence to the RRRI minimum sentence. 61 Pa.C.S.A. § 4505(c) (outlining RRRI sentencing process).

If the court concludes that the offender is not RRRI-eligible, "[t]he prosecuting attorney, **in the prosecuting attorney's sole discretion, may advise the court** that the Commonwealth has elected to waive the eligibility requirements." 61 Pa.C.S.A. § 4505(b) (emphasis added). To waive the eligibility requirements, the Commonwealth must notify the victim of the intent to waive the eligibility requirements, and the court must give the victim "an opportunity to be heard on the issue." *Id.* "The court, after considering victim input, may refuse to accept the prosecuting attorney's waiver of the eligibility requirements." *Id.*

In this case, the trial court concluded that Appellant was not RRRI-eligible due to a prior robbery conviction. Before making this determination, the trial court asked to the prosecutor and probation officer the following:

**THE COURT**: Would you like to be heard, Ms. Watson-Stokes?

[**THE COMMONWEALTH**]: No, Your Honor, I think—

> **THE COURT**: Okay, Officer, you have any input . . .?
>
> **PROBATION OFFICER**: No, Sir. . .

N.T., 9/16/16, at 10.

The trial court correctly determined that Appellant's robbery conviction rendered him ineligible for the RRRI program. *See* 61 Pa.C.S.A. § 4503 (defining "eligible offender" for RRRI program as defendant who has not been convicted of a personal injury crime as defined under the Crime Victims Act, 18 P.S. § 11.103); *see also* 18 Pa.C.S.A. § 11.103 (defining robbery as a personal injury crime).

Appellant complains that the trial court asked the prosecutor whether she wished to waive RRRI eligibility requirements but cut her off before she could complete her answer. The trial court had no duty to ask the prosecutor about this subject and give the prosecutor adequate opportunity to respond. The RRRI Act gives the prosecutor "sole discretion" to advise the court that she desires to waive the eligibility requirements. 61 Pa.C.S.A. § 4505(b). The RRRI Act does not require the court to ask the prosecutor whether she wants to waive these requirements.

Further, the record demonstrates that the prosecutor elected **not** to waive the eligibility requirements. The court asked the prosecutor for her position concerning waiver, more than the trial court was required to do under the law. The prosecutor answered: "No, your Honor. I think—" Her statement, "no, your Honor," indicates that she did not waive the eligibility

- 5 -

requirements. The fact that the trial court moved on after she said "I think" does not demonstrate that the court prevented her from waiving the requirements. She already had stated that she was not waiving them—and had she wanted to change her decision, she could easily have done so before the hearing concluded. In her sole discretion, she did not change her decision. No relief is due.

In his second through fourth arguments, which Appellant raises in a single section of his brief, Appellant contends that (1) his sentence to 1½—7 years' imprisonment for a technical violation of probation (absconding from parole supervision) is manifestly excessive and too severe, (2) the Philadelphia Prison System gave him documents which indicated that he need not report, and (3) the trial court abused its discretion by imposing a prison sentence based on having advised Appellant at a previous proceeding that he would receive a state sentence if he violated again. We review these arguments together.

These arguments challenge the discretionary aspects of Appellant's sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Before we can reach the merits of such challenges,

> [w]e conduct a four part analysis to determine: (1) whether [A]ppellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see*

- 6 -

[Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 815–16. Here, Appellant filed a timely notice of appeal one day after the trial court reinstated his direct appeal rights, preserved his challenge to the length of his sentence in post-sentence motions, and included a statement in his brief in compliance with Pa.R.A.P. 2119(f). Therefore, we must determine whether Appellant has presented a substantial question that his sentence is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). On appeal from a revocation proceeding, a substantial question arises when the trial court imposes a sentence of total confinement in excess of the original sentence due to a technical parole violation. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). Therefore, we will consider the merits of Appellant's argument.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." *Commonwealth v. Stokes*, 38 A.3d 846, 858 (Pa. Super. 2011). Further, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A.] § 9781(c) and (d)."

***Commonwealth v. Macias***, 968 A.2d 773, 776–77 (Pa. Super. 2009).

Section 9781(c) directs:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>
>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>>
>> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

> Section 9781(d) directs that the appellate court, in reviewing the record,

shall have regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

In its opinion, the trial court rejected Appellant's argument that his sentence was excessive and that prison officials led him to believe that he did not need to report to his probation officer, reasoning as follows:

> Total confinement is appropriate to vindicate the court's authority for technical violations that are "flagrant and indicate an inability to reform." **Commonwealth v. Carver**, 923 A.2d 495, 498 (Pa. Super. 2007); **see Commonwealth v. Ortega**, 995 A.2d 879, 884 (Pa. Super. 2010). For instance, the Superior Court determined it was proper for a trial court to impose total confinement after the defendant absconded at the outset of his probationary period and remained delinquent for three years. **Ortega**, 995 A.2d at 884 (Pa. Super. 2010).
>
> Here, it is true that [Appellant]'s only violation was absconding from supervision. N.T. 9/16/16 at 5. However, [Appellant] had a history of absconding, having done so twice before his most recent violation. N.T. 9/16/16 at 4-5. The first instance was at the very outset of his parole, following his release from custody in December 2014. [Appellant]'s conduct demonstrated a complete inability to comply with the terms of parole, and a flagrant disregard of the authority of the Court. It was therefore proper for the Court to find a sentence of total confinement necessary in order to vindicate the authority of the Court. **See Ortega**, 995 A.2d at 884.
>
> Furthermore, the record refutes [Appellant]'s claim that he did not know he was still under supervision. At the VOP hearing, [Appellant] told the Court that his social worker in prison gave him prison release data that led him to believe that he had maxed out on his sentence with no term of further supervision. N.T. 9/16/16 at 12. At that time, [Appellant] had not maxed out on his prison sentence, nor even commenced to serve the probationary term of his sentence. **See** N.T. 9/16/16 at 8. Moreover, [Appellant]'s parole officer, Chadd Davis, explained to the Court that two notices were sent to [Appellant], the first informing him that he was to report and the second warning him that his failure to report would result in a warrant for his arrest. N.T. 9/16/16 at 5. Officer Davis confirmed that the letters were sent to [Appellant]'s correct address. N.T. 9/16/16 at 12-13. Accordingly, [Appellant] had no excuse for absconding a third time. No relief is due.

Trial Court Opinion, 2/26/18, at 6-7. We agree with this analysis.

Appellant relies on **Commonwealth v. Cottle**, 426 A.2d 598 (Pa. 1981), for the proposition that his sentence of imprisonment for a technical violation of probation is excessive. **Cottle** is distinguishable. There, the trial court imposed the maximum possible sentence (2½—5 years' imprisonment) due to the defendant's failure to report to his probation officer. The defendant, however, had reported to his probation officer for three years before failing to report, and the probation department recommended discharge because the defendant "pursued an effective program of alcoholic rehabilitation and secured permanent employment." **Id.** at 599. Our Supreme Court held that this sentence was excessive, because the defendant had readjusted to life in society, and while his failure to report "offend[ed] the dignity of the court," a maximum sentence was not "essential to vindicate the authority of the court." **Id.** at 601-02.

Here, in contrast, Appellant absconded from parole not once but three times, and on each occasion, he immediately absconded upon his release from incarceration. A sentence of imprisonment was reasonable to ensure that, after thrice absconding from parole, Appellant would comply with the terms of his supervision. In addition, unlike **Cottle**, the trial court did not impose the

maximum possible sentence (10-20 years' imprisonment).[4]   Instead, it set

Appellant's minimum confinement to 1½ years to provide him an opportunity

for parole in less than two years.  We conclude that this was a proper exercise

of the court's discretion.

Finally, Appellant complains that the trial court imposed total

confinement simply because it warned Appellant during a previous VOP

hearing that he would receive a state sentence if committed another violation.

We disagree.  During Appellant's second VOP hearing in March 2016, following

his second instance of absconding from supervision, the trial court told

Appellant that he would be sent to state prison if he absconded again.  N.T.

9/16/16 at 8-9.  But at the present sentencing hearing, the trial court did not

limit its focus to Appellant's disregard for its warning.  The court took multiple

other important factors into account in reaching its decision:

> THE COURT: . . . I gave you a chance last time, and I gave you a
> chance the first time.  This is the third time, and you didn't -- not
> only didn't you meet me halfway, you didn't even meet me ten
> percent of the way.  So I'm going to take into account in
> determining an appropriate sentence, everything that was
> presented to me during a long and unfortunate history of this
> case, everything in the . . . summaries I've received, the

_____

[4] The statutory maximum for distributing crack cocaine is ordinarily ten years.
35 P.S. § 780-113(f)(1.1).  The maximum penalty doubles to twenty years for
any person having a prior PWID conviction at the time the offense was
committed.   35 P.S. § 780-115 ("any person convicted of a second or
subsequent offense [of PWID] may be imprisoned for a term up to twice the
term otherwise authorized. . ."). Appellant had been convicted of PWID in
1986, 1997, and 2000, see N.T. 12/10/14 at 29, and he committed the PWID
here at issue on May 24, 2014.  Thus, his statutory maximum was twenty
years.

information that was presented during the sentencing hearing, the mitigating information that was presented to me by defense counsel. I'm going to go back and look at the original guidelines. I know since this is a violation of probation, they are not applicable, but they do give me some guidance. The original guideline range was 12 to 18 months, plus or minus three. I do understand this is not a violent crime. [Appellant] does, however, have a long history. He came in front of me as a five prior record score. And by continuing to abscond from probation three times, there's absolutely no reason that I have to think that you would do anything other than abscond again if I were to place you on county time. So what I'm going to do is, I'm going to give you a state sentence. That will be a guideline sentence. I'm not going to give you a probation tail, because I want the state to see if they can do a better job supervising you. So for that reason, on the charge of possession with the intent to deliver, I'm going to sentence you to one and a half to seven years in state prison.

*Id.* at 13-15. Thus, the court carefully weighed "the history of the case, the information contained in the Probation Department hearing summaries, the information that was presented at [Appellant's] sentencing hearing, all of the mitigating information that was presented by defense counsel, and [Appellant's] criminal history." Trial Ct. Op. at 7-8. The trial court properly exercised its discretion in determining Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/18

- 12 -