J-S49015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WOODROW JOHN HICKS, JR. | : | |
| | : | |
| Appellant | : | No. 511 WDA 2020 |

Appeal from the Judgment of Sentence Entered March 19, 2020
In the Court of Common Pleas of Indiana County Criminal Division at
No(s):  CP-32-CR-0000467-2013

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED December 17, 2020**

Appellant, Woodrow John Hicks Jr., appeals from the judgment of sentence entered March 19, 2020, following revocation of his probation.  We affirm.

The facts and procedural history of this case are as follows.  At the conclusion of a trial on September 24, 2014, a jury found Appellant guilty of the following offenses: unlawful contact with minor – sexual offenses;[1] criminal attempt to commit statutory sexual assault – 11 years or older;[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6318(a)(1).

[2] 18 Pa.C.S.A. § 901 and 3122.1(b).

corruption of a minor - defendant age 18 or above;[3] simple assault;[4] criminal use of a communication facility;[5] and fleeing or attempting to elude a police officer.[6]   On January 5, 2015, the trial court sentenced Appellant to an aggregate term of 16 months to five years' incarceration, followed by five years' probation.  In addition, the trial court designated Appellant as a sexual offender subject to a lifetime registration under the Sexual Offender Registration Notification Act ("SORNA")," 42 Pa.C.S.A. §§ 9799.10-9799.41. This Court affirmed Appellant's judgment of sentence on November 12, 2015, and our Supreme Court subsequently denied *allocator* on April 20, 2016. ***Commonwealth v. Hicks***, 2015 WL 7078623, *1 (Pa. Super. Nov. 12, 2015), *appeal denied*, 138 A.3d 2 (Pa. 2016).

Appellant was released from the Pennsylvania Department of Corrections on the maximum date of his sentence. Trial Court Opinion, 6/11/20, at 1.  On February 25, 2020, Appellant's probation officer filed a petition to revoke his probation.  On March 19, 2020, the trial court convened a probation revocation hearing which "result[ed] in the revocation of [Appellant's] probation."  ***Id.*** at 2.  On that same day, the trial court "resentenced [Appellant] to incarceration of not less than two and one-half []

---

[3] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[4] 18 Pa.C.S.A. § 2701(a)(1).

[5] 18 Pa.C.S.A. § 7512(a).

[6] 75 Pa.C.S.A. § 3733(a).

years nor more than five [] years for the offense of unlawful contact with a minor; not less than two and one-half years [] nor more than five [] years for the offense of criminal use of a communication facility; and not less than one [] year nor more than two [] years for the offense of fleeing or attempting to elude a police officer, all to run concurrently with credit for time served." *Id.* This timely appeal followed.[7]

Appellant raises the following issues on appeal:

I. Did the Commonwealth prove by a preponderance of the evidence that [Appellant] failed to maintain regular contact with supervision staff and failed to follow instructions by staff?

II. Did the Commonwealth prove by a preponderance of the evidence that [Appellant] failed to abstain from using unlawful or dangerous drugs?

III. Did the Commonwealth prove by a preponderance of the evidence that [Appellant] accessed the internet or possessed a computer or electronic device that ha[d] internet capabilities?

IV. Did the Commonwealth prove by a preponderance of the evidence that [Appellant] failed to comply with sex[ual] offender treatment?

Appellant's Brief at 7.

---

[7] Appellant filed a notice of appeal on April 15, 2020. On April 21, 2020, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). After securing an extension, Appellant timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 11, 2020.

In each of his appellate issues, Appellant argues that the Commonwealth failed to present sufficient evidence to revoke his probation. These claims are interrelated and, as such, we will address them together.

A court may, at any time, terminate supervision or alter the terms and conditions upon which an order of probation has been imposed. **See** 42 Pa.C.S.A. § 9771(a). Proof of a violation of a specific condition of a probationary order will support revocation. A claim that the evidence was insufficient to revoke probation is

> a question of law subject to plenary review. We must determine whether the evidence admitted . . . and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth . . . , is sufficient to support [a finding that the appellant violated the terms of his probation]. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

**Commonwealth v. Perreault**, 930 A.2d 553, 558 (Pa. Super. 2007), *appeal denied*, 945 A.2d 169 (Pa. 2008) (citation omitted).

This Court previously explained:

> In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. **Commonwealth v. Allshouse**, 33 A.3d 31, 37 (Pa. Super. 2011) (quotation marks and citations omitted). "[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.]" **Commonwealth v. Ortega**, 995 A.2d 879, 886 (Pa. Super. 2010) (citations and internal quotations omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates th[at] probation has proven to have been an ineffective vehicle to

accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id.*

*Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014).

The Commonwealth presented the following evidence during the March 19, 2020 revocation hearing. Initially, the Commonwealth called James Decker ("Decker"), Appellant's probation officer, to testify about the terms of Appellant's probation. Specifically, Decker explained that Appellant needed to

maintain regular contact with [supervisory] staff, report[] regularly and follow[] any written instructions of the Board of Probation and Parole staff[;]

\*\*\*

abstain from unlawful, dangerous drugs and use of any controlled substances[;]

\*\*\*

comply with any special conditions imposed by the [trial c]ourt and be subject to the Pennsylvania Board of Probation and Parole Sex Offender Conditions, [which included abstaining from] access[ing] the internet or possess[ing] a computer or wireless or electronic device [with] internet excess without prior written permission[; and]

\*\*\*

comply with sex[ual] offender evaluation and treatment[.]

N.T. Revocation Hearing, 3/19/20, at 5-6.

Thereafter, multiple witnesses testified and detailed Appellant's non-compliance with the aforementioned terms of his probation. The trial court summarized the relevant testimony as follows.

[First, Appellant's] social worker, Lori Spare, testified that [Appellant] was unable to move past the first part of a four-part treatment program because he would not take accountability for

- 5 -

his actions. [Then,] Matthew Lippart, a security monitor at Tomorrow's Hope, a transitional housing facility where [Appellant stayed,] testified that [Appellant once] argued with another resident and threated to throw him off [of] the balcony. Lippart [also] testified that[,] on another occasion, [Appellant] refused to take a breathalyzer test when he returned to the facility after [allegedly] attending church. Also testifying was Brad Jester, a mental health agent for the Pennsylvania Board of Probation and Parole. According to Jester, [Appellant] refused to cooperate with the conditions of his probation and became so agitated that he injured himself and had to go to the hospital. [After Appellant's] visit to the hospital, [Appellant] was transferred to the Indiana County Prison where it was discovered that he had an electronic tablet with internet access in his possession. [Appellant also admitted to Jester that he used the electronic tablet to visit dating sites on the internet]. … [Thereafter, supervisory] agent Deb Patton [] testified that she had [similarly] confiscated [] electronic tablet[s] and cell[ular tele]phones from [Appellant] on more than one occasion. [Patton] stated that these devices could be used to access the internet and contained numerous links to online dating sites. [Patton] also [testified that] she found a bag containing another resident's prescription[] narcotics in [Appellant's] possession.

[Following the Commonwealth's presentation of evidence, Appellant] testified on his own behalf[. When he was] asked why he did not progress past phase one of his treatment plan[, Appellant] stated that he refused to admit guilt, which [was] a requirement. According to [Appellant, he refused] because he [was] still in the appeal[] process, [and] an admission of guilt during treatment would[] "ruin [his] court case." [Appellant also] testified regarding the altercation with the resident at Tomorrow's Hope and] stated that [they did engage in an argument, . . . ] but [he never] threaten[ed] to throw someone off a balcony. [Appellant also] admit[ted] that he refused a breathalyzer test [but] claimed it was because he was returning from church and he [] never had an alcohol problem. [In addition, Appellant] admitted to having the electronic tablets and cell[ular tele]phones and also telling Patton that he would continue to possess internet devices no matter how many times they were confiscated from him. When asked about [] possessi[ng] another resident's medication, [Appellant] explained that he [took] it from that resident because he was concerned that he was suicidal.

- 6 -

Trial Court Opinion, 6/11/20, at 3-4.

A review of the aforementioned evidence reveals that the Commonwealth introduced testimony from multiple witnesses detailing specific occasions that Appellant violated the terms of his probation. In addition, Appellant himself admitted to almost all of the instances of non-compliance when questioned. **See** Trial Court Opinion, 6/11/20, at 4; **see also** N.T. Revocation Hearing, 3/19/20, at 30-50. Combined, these facts showed, by a preponderance of the evidence, that probation has proven an ineffective vehicle for accomplishing rehabilitation and preventing antisocial conduct on the part of Appellant. Accordingly, there was sufficient evidence for the trial court to revoke Appellant's probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2020