J-S14037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON FLETCHER, | : | |
| | : | |
| Appellant | : | No. 2388 EDA 2014 |

Appeal from the Judgment of Sentence entered on July 8, 2014
in the Court of Common Pleas of Delaware County,
Criminal Division, No. CP-23-CR-0004320-2011

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 30, 2015**

Jason Fletcher ("Fletcher") appeals from the judgment of sentence imposed for his conviction of retail theft,[1] following the revocation of his parole/probation.  Counsel for Fletcher has filed a Petition to Withdraw from representation, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant counsel's Petition to Withdraw and affirm Fletcher's judgment of sentence.

In November 2011, Fletcher pled guilty to retail theft, as a first-degree misdemeanor.  The trial court sentenced Fletcher to a term of probation.  Fletcher subsequently failed to comply with the terms of his probation.  Specifically, Fletcher (a) failed to comply with a requirement for community

---

[1] 18 Pa.C.S.A. § 3929.

service; (b) failed to report to his probation officer for scheduled appointments; and (c) tested positive for drug use. After a **Gagnon I** hearing,[2] the trial court found Fletcher in violation of his probation. Following the **Gagnon II** hearing, the trial court revoked Fletcher's probation and sentenced him to 18-36 months in prison, with, for purposes of the Recidivism Risk Reduction Incentive Act,[3] a minimum of 13½ months and an effective date of March 11, 2014. The trial court further recommended that Fletcher be placed in a therapeutic unit for treatment.

Fletcher filed a *pro se* Notice of Appeal. The trial court appointed counsel for Fletcher, who filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Counsel thereafter filed an **Anders** Brief and a Petition to Withdraw from representation.

Where counsel has petitioned to withdraw from representation, this Court may not address the merits of any issue raised by the appellant without first reviewing counsel's request to withdraw. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005). Therefore, we review counsel's Petition at the outset.

Counsel seeking to withdraw from representation must (1) petition the court for leave to withdraw stating that, after making a conscientious

---

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778, 782 (1973) (stating that due process requires that a probationer be given a preliminary (**Gagnon I**) and a final (**Gagnon II**) hearing prior to revoking probation).

[3] 61 Pa.C.S.A. §§ 4501-4512.

examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009).

Here, counsel's Petition to Withdraw states that he has reviewed the record and concluded that the appeal is frivolous. Petition to Withdraw at ¶ 1. Additionally, the Petition states that counsel notified Fletcher that he is seeking permission to withdraw, furnished Fletcher with copies of the Petition and *Anders* brief, and advised Fletcher of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention. *See id.* at ¶ 2. Accordingly, counsel has satisfied the procedural requirements of *Anders*.

We next determine whether counsel's *Anders* brief meets the substantive dictates of *Santiago*. According to *Santiago*, in the *Anders* brief that accompanies counsel's petition to withdraw, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

- 3 -

Counsel's ***Anders*** Brief provides the facts and procedural history of the case. ***Anders*** Brief at 4-5. Additionally, the ***Anders*** Brief refers to one claim that could arguably support the appeal, and states counsel's conclusion that the issue is wholly frivolous. ***Id.*** at 6-7. Accordingly, counsel has complied with the minimum requirements of ***Anders***/***Santiago***. We next review the issue presented in the ***Anders*** Brief to determine whether the appeal is, in fact, wholly frivolous.

In the ***Anders*** Brief, the following claim is presented for our review: "Whether the sentence imposed herein should be vacated since it was unduly harsh and excessive under the circumstances?" ***Anders*** Brief at 3. Fletcher claims that by revoking his probation and imposing a prison term, the trial court improperly imposed an unduly harsh and excessive sentence. ***Id.*** at 6. Fletcher asserts that his underlying conviction, retail theft, was not a violent offense, and his alleged violations of probation were technical in nature. ***Id.*** Finally, Fletcher points out the absence of any allegation that he committed a new crime while under supervision. ***Id.***

Fletcher challenges discretionary aspects of the sentence imposed following the revocation of his probation. "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (citation omitted). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

- 4 -

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). We must consider

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Here, Fletcher failed to preserve his sentencing claim for appellate review by raising it at sentencing or in a motion to reconsider or modify his sentence. *See id.* However, even if Fletcher had preserved this claim for our review, we agree with counsel's assessment that the claim is without merit and frivolous.

A claim challenging a sentence of total confinement, based solely on a technical probation violation, raises a substantial question that the sentence imposed is inappropriate under the Sentencing Code. *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014). Although Fletcher's claim raises a substantial question, the claim is without merit.

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Id.* at 1041.

> When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of

rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

*Commonwealth v. Allshouse*, 33 A.3d 31, 37 (Pa. Super. 2011) (quotation marks and citations omitted). "[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.]" *Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010) (citations and internal quotations omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id.*

At the *Gagnon II* hearing, the Commonwealth presented evidence that Fletcher had completed all of the available Delaware County drug abuse treatment programs, while he was on probation. N.T., 7/8/14, at 29-30. The Commonwealth also presented evidence that Fletcher, on four occasions, violated his probation by failing to report to his probation officer. *Id.* at 8. In addition, Fletcher violated his probation by repeatedly testing positive for drug use. *Id.* at 9-10. Finally, Fletcher failed to report for his required community service. *Id.* at 10-11.

The Commonwealth informed the trial court that there were no other drug treatment options available to Fletcher in Delaware County. *Id.* at 30. Fletcher admitted that he continues to have a drug abuse problem. *Id.* at 31. Finally, the trial court explained on the record its reasons for revoking Fletcher's probation and imposing a prison sentence  N.T., 7/8/14, at 39-40. In particular, the trial court recognized that Fletcher continued to use heroin, even after completing all available drug abuse treatment programs in Delaware County. *Id.*  The sentencing judge explained,

> You've already been through all the treatment programs.  We need to get you some serious treatment.  And I think that the state can provide that….

*Id.* at 43.

Thus, the trial court's revocation of probation and its imposition of a sentence of total confinement are supported in the record, and we discern no abuse of discretion by the trial court.  Fletcher's claim in this regard is without merit, and frivolous.

Finally, our independent review discloses no other non-frivolous issues that could be raised on appeal by Fletcher.  Accordingly, we grant counsel's Petition to Withdraw from representation, and affirm Fletcher's judgment of sentence.

Petition to Withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015