J-S22032-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RAYMOND ANTHONY GATES, JR., | : | |
| Appellant | : | No. 1716 WDA 2014 |

Appeal from the Judgment of Sentence Entered September 9, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0001282-2014
and CP-25-CR-0002225-2010

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:               **FILED JUNE 03, 2015**

Raymond Anthony Gates, Jr. (Appellant) appeals from the judgment of sentence imposed after the revocation of his probation/parole and his sentence imposed after pleading guilty to theft by unlawful taking.  Counsel for Appellant has filed a petition to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We deny counsel's petition to withdraw, and remand with instructions.

The history of this case can be summarized as follows.  On September 30, 2010, Appellant pled guilty to burglary; and, on November 17, 2010, Appellant was sentenced to 11.5 to 23 months' incarceration to be followed by 3 years' probation.  Appellant was paroled on April 12, 2011.  On December 19, 2012, Appellant's sentence of parole and probation was

---

*Retired Senior Judge assigned to the Superior Court.

revoked and he was sentenced to 11.5 to 23 months' incarceration, with credit for 323 days for time served, to be followed by 3 years of probation. Appellant was paroled on April 6, 2013.

On September 9, 2014, Appellant pled guilty at CP-25-CR-0001282-2014 (1282 of 2014) to theft by unlawful taking, a third-degree misdemeanor. He was sentenced to three to twelve months' incarceration. On the same day, Appellant's sentence of parole and probation was revoked, and he was sentenced to a period of incarceration of fifteen to thirty months to be served concurrently with his sentence at 1282 of 2014.

On September 19, 2014, Appellant timely filed a post-sentence motion. In that motion, Appellant asserted that the trial court erred in failing to give Appellant credit for time served. The trial court denied that motion, and Appellant timely filed a notice of appeal at both docket numbers. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and Appellant timely complied. In his concise statement, Appellant again raised the issue of trial court error for failing to apply credit for time served.

Counsel has filed with this Court a petition to withdraw and an *Anders* brief. Thus, before we consider the substance of this appeal, we must address counsel's compliance with *Anders*:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of

the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted).

This Court's docket reveals a petition for leave to withdraw as counsel filed by Attorney Emily E. Merski (Attorney Merski). Attorney Merski avers that she "has performed a thorough review of all available transcripts, pleadings and other materials" and that she has included with the petition "a brief on behalf of the Appellant which addresses the issues involved in this case which question the sufficiency and weight of the evidence and/or the other issues of arguable merit in this case, if any." Petition for Leave to

J-S22032-15

Withdraw As Counsel, 1/27/2015, at ¶¶ 2-3.[1]  Counsel has also attached to

the petition a letter addressed to Appellant explaining that she has not

uncovered any meritorious issues to present on appeal.[2]  Assuming,

*arguendo*, that despite the aforementioned issues, Attorney Merski has

complied with the technical requirements of **Anders**, we now consider the

additional requirements set forth in **Santiago** with respect to the brief itself.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel

---

[1] Instantly, Appellant pled guilty to theft by unlawful taking, which led to the revocation of his probation or parole.  To the extent Appellant appeals from the plea to theft by unlawful taking, he has waived his right to challenge the weight or sufficiency of the evidence. **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008) ("When an appellant enters a guilty plea, [he] waives her right to "challenge on appeal all non-jurisdictional defects except the legality of [his] sentence and the validity of [his] plea."). To the extent Appellant is appealing from the revocation of probation or parole, he may only challenge the validity of the revocation proceedings, the legality of the sentence, and the discretionary aspects of his sentence. **See Commonwealth v. Ortega**, 995 A.2d 879, 883-84 (Pa. Super. 2010) ("The scope of review in an appeal following a sentence imposed after probation [or parole] revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation."); **see also Commonwealth v. Catrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*) (holding that the scope of review from the revocation of probation or parole includes the discretionary aspects of the sentence).

[2] The certificate of service on the petition to withdraw is concerning.  It was sent to inmate Gregory Dunbar, Jr. at SCI-Camp Hill.  Appellant (whose name is Raymond Gates) is incarcerated at SCI-Forest, where the attached letter was sent.

- 4 -

should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

In her ***Anders*** brief, Attorney Merski presents one issue which arguably supports the appeal: "Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code." ***Anders*** Brief at 3. In her statement of reasons the appeal is wholly frivolous pursuant to ***Santiago***, Attorney Merski avers that this issue, implicating the discretionary aspects of Appellant's sentence, is without merit because failing to consider adequately mitigating factors does not raise a substantial question. ***Id***. at 7.

However, Appellant did not raise this issue either in his post-sentence motion or orally at sentencing. "[W]hen a court revokes probation [or parole] and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion." ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008). Accordingly, the only issue presented by Attorney Merski on appeal was waived prior to the filing of the ***Anders*** brief.

Thus, due to counsel's technical deficiencies in her petition, which included reviewing issues not available on appeal and potentially sending the

petition to the incorrect person, as well as her failure to explain why the issue raised in Appellant's post-sentence motion, failure to give credit for time served, is without merit, we cannot say that Attorney Merski has complied with the requirements set forth in *Anders*/*Santiago*. Accordingly, we "deny the petition to withdraw and remand the case with appropriate instructions … directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf." *Wrecks*, *supra*.

Petition to withdraw as counsel denied. Case remanded with instructions. Jurisdiction retained.