J-A11033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DEREK SMALL, | |
| Appellant | No. 2922 EDA 2014 |

Appeal from the Judgment of Sentence April 25, 2014
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0003213-2009

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 15, 2016**

Appellant, Derek Small, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following the revocation of his probation. He challenges the discretionary aspect of the revocation sentence. Appellant argues his sentence of eight and one-half to nineteen years' imprisonment is manifestly excessive because he committed only technical violations. We affirm.

The trial court stated

> [t]he facts of the underlying crime, armed robbery, summarized from the police paperwork . . . :
>
> On February 25, 2009, at 12:30 a.m., at Rising Sun and Wyoming Avenues in Philadelphia, [Appellant] and his cohort produced a black firearm, placed it to the victim's head and demanded his property. Codefendant patted down the victim and took his cell

---
[*] Former Justice specially assigned to the Superior Court.

phone. [Appellant] patted down the victim and took $50.00 from him. They forced the victim to lie on the ground while they fled on foot. The victim identified both [Appellant and codefendant] within three (3) minutes of the crime.

On April 7, 2010, after an open guilty plea for the underlying armed robbery, this court imposed a mitigated/non-mandatory sentence of 42 to 84 months['] (3½ to 7 years[']) incarceration followed by 48 months['] reporting probation for 18 Pa.C.S. § 3701, a largely concurrent probation sentence of 148 months for criminal conspiracy, 18 Pa.C.S. § 903, and a 60 month probation sentence for possessing an instrument of crime (P.I.C.) consecutive to the robbery sentence and [con]current with the robbery probation, 18 Pa.C.[S.] § 907.

[Appellant] was paroled on September 4, 2012.

Over eight months later, on May 26, 2013, [Appellant] was arrested and charged with violating the Uniform Firearms Act (VUFA) under 18 Pa.C.S. § 6105,[1] 6106,[2]

---

[1] Section 6105 provides:

A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a). Subsection (c) identifies robbery as an enumerated offense. *See id.* § 6105(c).

[2] Section 6106 provides, in pertinent part, as follows.

[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

and § 6108.[3]  This new crime, in the adjoining police district, had strikingly similar background facts to his underling robbery conviction described above.  As counsel noted at the VOP sentencing, "[t]his could have easily been a prelude to another robbery."[4]  The facts compiled from the record are:

---

18 Pa.C.S. § 6106(a)(1).

[3] Section 6108 provides:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> (1) such person is licensed to carry a firearm . . . .

18 Pa.C.S. 6108(1).

[4] At the VOP sentencing hearing, the Commonwealth stated:

> [Appellant is] in violation of your probation and parole because he had a gun.  I've read the facts of the robbery in which he pled guilty to you, and it almost reads as if it's a prelude to that crime.  It's him walking down the street with an individual with a gun.  It's a case that he pled guilty to for [sic].  They robbed somebody on the street, and were apprehended immediately after that by two police officers who recovered the gun.
>
> In this case Officers Ridowski and Cobrowski get a flash, they see this individual along with someone else.  He placed the gun and tried to hide it because he knows he's not supposed to have it.  They stop both individuals.  The officers clear it.  They realize that he is the one who put the gun under the wheel-well, and they recovered the gun. This could have easily been a prelude to another robbery.

N.T. Sentencing Hr'g, 4/25/14, at 7.

At 200 E. Cambria Street, in Philadelphia, at 3:05 a.m., police received a radio call "person with a gun." When police arrived on scene, they observed two males that fit the flash. Police stopped their vehicle, got out of the vehicle, one male stopped and [Appellant] reached down and placed a fully loaded black Kel-Tec 9MM Luger on the wheel-well of a green jeep and kept walking.

On January 12, 2015, [Appellant] pleaded *nolo contendere* to this crime, VUFA, 18 Pa.C.S. § 6105, . . . and was sentenced to 3 years['] probation.

After a "Daisy Kates"[5] hearing on February 24, 2014, this court found that [Appellant] had violated his probation. On April 25, 2014, after reviewing the "Modified Presentence Report" and listening to counsel's argument and [Appellant's] statement during allocation [sic], this court sentenced [Appellant] to 8½ to 19 years['] incarceration for conspiracy to commit robbery, allowed the robbery sentence stand [sic] (even though the court could have found [Appellant] in anticipatory violation of that probation also), and made the PIC sentence a consecutive period of two years['] probation to the conspiracy sentence. [6]

---

[5] We note that

[w]hen the basis for revocation arises from evidence of intervening criminal conduct, a VOP hearing may be held prior to any trial arising from such criminal conduct. **See Commonwealth v. Kates**, [ ] 305 A.2d 701 ([Pa.] 1973) (no statutory or constitutional bar to holding VOP hearing prior to trial for criminal charges based on same activities which gave rise to alleged probation violation).

**Commonwealth v. Ortega**, 995 A.2d 879, 882 n.1 (Pa. Super. 2010).

[6] We note that in the January 30, 2015 opinion, the court misstated Appellant's sentence. **See** Trial Ct. Op., 1/30/15, at 2. The recitation of the sentence in the supplemental Rule 1925(a) comports with the sentence imposed at the sentencing hearing. **See** N.T. Sentencing Hr'g, 4/25/14, at 13.

Trial Ct. Op., 8/12/15, at 2-3 (citations omitted).

Appellant filed a motion for reconsideration of sentence. On April 30, 2014, the trial court denied the motion. Appellant filed a Post Conviction Relief Act[7] ("PCRA") petition seeking allowance of appeal *nunc pro tunc*. The court reinstated Appellant's appeal rights on October 8, 2014. Appellant filed a notice of appeal on October 10, 2014. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant was granted an extension of time to file his Rule 1925(b) statement. He filed the statement on December 5, 2014. The trial court filed a responsive opinion pursuant to Pa.R.A.P. 1925(a).

On June 8, 2015, this Court issued a *per curiam* order remanding the case to the trial court , upon consideration of Appellant's "Petition to Vacate Briefing Schedule and Remand Record for Completion, and for the Filing of a Supplemental Statement of Errors or, in the Alternative, for an Extension of Time in which to File Appellant's Brief." Order, 6/8/15. The trial court was ordered to supplement the record with the notes of testimony from the VOP hearing. Appellant was directed to file a supplemental Rule 1925(b) statement. The trial court was directed to file a supplemental Rule 1925(a) opinion. Appellant filed a supplemental Rule 1925(b) statement and the trial court filed a responsive opinion.

---

[7] 42 Pa.C.S. §§ 9541-9546.

Appellant raises the following issue for our review: "Was not the sentence of eight and one-half to nineteen years[,] incarceration manifestly excessive and disproportionate for a first-time technical violation of probation?" Appellant's Brief at 4. Appellant argues that his illegal possession of a firearm while on probation was only a technical violation and thus the sentence was manifestly excessive and disproportionate. *Id.* at 15.

This Court has stated that

> discretionary aspects of [an appellant's] sentence are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (some citations omitted).

Instantly, Appellant timely filed this appeal, preserved the issue of an excessive sentence in his motion for reconsideration of sentence, and included a statement in his brief which conforms with Pa.R.A.P. 2119(f).[8]

---

[8] This Court has held that a "Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular

*See* Appellant's Brief at 10. Accordingly, we ascertain whether Appellant has raised a substantial question. *See Leatherby*, 116 A.3d at 83.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Dodge*, 77 A.3d at 1268 (quotation marks and citation omitted).

"An argument that the trial court imposed an excessive sentence to technical probation violations raises a substantial question." *Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012) (citation omitted). "Additionally, a substantial question that the sentence was not appropriate under the Sentencing Code may occur even where a sentence is within the statutory limits." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). We therefore find Appellant has raised a substantial question. *Dodge*, 77 A.3d at 1272 n.8; *Schutzues*, 54 A.3d at 98; *Crump*, 995 A.2d at 1282.

We consider the relevant standard of review:

> [A] trial court has broad discretion in sentencing a
> defendant, and concomitantly, the appellate courts utilize a

---

provision of the Code is violated . . . ." *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). Appellant's 2119(f) statement failed to include a statement of where his sentence fell within the sentencing guidelines. *See* Appellant's Brief at 8-10. However, as the Commonwealth did not argue this defect in his Rule 2119(f) statement, we decline to find waiver on these technical grounds. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1271 (Pa. Super. 2013).

deferential standard of appellate review in determining whether the trial court abused its discretion . . . .

. . . At initial sentencing, all of the rules and procedures [for a court's] discretionary sentencing authority [apply]. However, it is a different matter when a defendant reappears . . . following a violation . . . of a probationary sentence. For example, . . . contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721.

. . . [U]pon revoking probation, **the trial court is limited only by the maximum sentence that it could have imposed originally** at the time of the [initial] sentence,[9] although . . . the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) **the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned**; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

***Commonwealth v. Pasture***, 107 A.3d 21, 27-28 (Pa. 2014) (some citations omitted and emphases added). This Court has stated that "[a] trial

---

[9] At the time of the initial sentence, Appellant's criminal conspiracy charge was graded as a felony of the first degree which carried a maximum sentence of twenty years' imprisonment. ***See*** 18 Pa.C.S. § 1103(1).

- 8 -

court does not necessarily abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere the conditions imposed on him."
*Schutzues*, 54 A.3d at 99.

In *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000), this Court opined:

> Although the offenses that triggered the parole and probation revocation-Sierra's failure to keep parole appointments-were not assaultive or independently criminal, technical violations are sufficient to trigger the revocation of probation. *See*, *e.g.*, *Commonwealth v. Edwards*, 450 A.2d 15 (Pa. Super. 1982) (probation revoked for failure to report to probation officer and attend community mental health facility for outpatient treatment).

*Id.* at 912.

In *Ortega*, this Court opined:

> [T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated:
>
> > **A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct**.
>
> *Commonwealth v. Infante*, [ ] 888 A.2d 783, 791 ([Pa.] 2005). Moreover, the Commonwealth need only make this showing by a preponderance of the evidence.

*Ortega*, 995 A.2d at 886 (footnote and some citations omitted and

emphasis added).

In the instant case, the trial court found Appellant in violation of his probation. At sentencing, the court stated:

> . . . You're not required to say anything, but if there's something you want to tell me either about yourself, your case, your background, anything that would supplement the modified presentence report, I will certainly be listening.
>
> *   *   *
>
> [U]nfortunately, you were on probation for pretty serious crimes. Robbery, conspiracy to commit robbery and PIC. And then within 9 months or 8 months and some extra days, you were arrested for having—I believe it was a Kel-[T]ec 9MM, which you attempted to hide from the police . . . .
>
> . . . I see you've gotten a GED in your previous state prison sentence. I am disappointed that the state prison sentence that I imposed originally didn't work, obviously. . . .
>
> You've made at least one gun a part of your life. . . . So what I have to do is try to balance my duty to help you get rehabilitated with my equally important duty to protect the public. . . .
>
> So I'm going to sentence you on the conspiracy to commit robbery to the minimum sentence—it's also not my duty to warehouse you for as long as I can. Again, it's my duty to strike that proper balance between trying to rehabilitate you and protecting the public, and protecting the public from the illegal possession and use of guns.

N.T. Sentencing Hr'g at 9-12.

The court opined:

> Before the VOP sentence, this court was equipped with and reviewed the Modified Presentence Report (PSI).

> Based on the facts presented at the Daisy Kates hearing, this court found a violation for new criminal behavior by a preponderance of the evidence, determined that the conduct of [Appellant] **indicates that it is likely that he will commit another crime if he is not imprisoned**, and the sentence was essential to vindicate the authority of the court. This court sentenced [Appellant] for his violation to 8½ to 19 years, without increasing the robbery or PIC sentences. This court could have legally sentenced [Appellant] to up to 20 years[ʼ] imprisonment for a felony one offense. *See* 18 Pa.C.S. § 905.

Trial Ct. Op. at 5-6 (footnote omitted and emphasis added).

First, we consider whether the trial court abused its discretion by imprisoning Appellant following revocation of probation. *See Pasture*, 107 A.3d at 27-28. We find it did not. The court found that probation did not satisfy his rehabilitative needs. *See Ortega*, 995 A.2d at 886. Technical violations can trigger the revocation of probation. *See Sierra*, 752 A.2d at 912. The court found that Appellant's conduct indicated that it was likely he would commit another crime if not imprisoned. *See Pasture*, 107 A.3d 21, 27-28. Accordingly, we find that the trial court's sentence was not manifestly excessive. We discern no abuse of discretion. *See Schutzues*, 54 A.3d at 99.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016