**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FRANCIS IVAN SMITH, III | |
| Appellant | No. 63 WDA 2017 |

Appeal from the Judgment of Sentence December 9, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006061-2010
CP-02-CR-0006106-2010

BEFORE:  BOWES, RANSOM, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 18, 2018**

Appellant Francis Ivan Smith, III, appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

The relevant facts underlying the instant appeal are as follows.  On March 14, 2011, at docket No. CP-02-CR-6061-2010, Appellant entered guilty pleas to ten counts of burglary, five counts of theft by unlawful taking, and one count each of forgery, theft by deception, criminal mischief and access device fraud.[1]  At a sentencing hearing conducted on October 4,

_____

[1] On that same date, Appellant entered guilty pleas at No. CP-02-CR-6106-2010 to burglary, forgery, theft by deception, theft by unlawful taking, and access device fraud.  He was sentenced at No. CP-02-CR-6106-2010 to three
*(Footnote Continued Next Page)*

* Former Justice specially assigned to the Superior Court.

2011, the trial court imposed an aggregate sentence of two to four years incarceration, with a Recidivism Risk Reduction Incentive ("RRRI") minimum of eighteen months, followed by three years of state-supervised probation. Based on Appellant's extensive history of drug and alcohol addiction, Appellant was also ordered to undergo a drug and alcohol evaluation, and a mental health evaluation.

On July 5, 2014, while Appellant was on probation, his probation officer, Nicholas Sobol, observed Appellant in a bar. Mr. Sobol instructed Appellant to report to Mr. Sobol's office a few days later. On July 8, 2014, Mr. Sobol took a sample of Appellant's urine, which tested positive for cocaine. Mr. Sobol then issued Appellant a document, which Appellant signed, that prohibited Appellant from consuming or possessing alcohol, or entering any establishment that sells or dispenses alcohol.

On December 16, 2014, Mr. Sobol encountered Appellant under the influence of alcohol. Mr. Sobol attempted to take Appellant into custody, but Appellant was combative and resisted, causing injuries to Mr. Sobol in the process. As a result of the incident, Appellant was convicted at No. CP-02-CR-1502-2015 of resisting arrest and disorderly conduct. Mr. Sobol also

*(Footnote Continued)* ─────────────

years of probation, to be served consecutively to the sentence imposed at this docket.

- 2 -

J-S69012-17

initiated revocation proceedings based on Appellant's violation of his probation conditions.

On December 9, 2016, the violation of probation court (hereinafter "the VOP court") conducted a *Gagnon II*[2] violation hearing, at which the court acknowledged Appellant's new convictions. The VOP court also received evidence of Appellant's technical violations. Based on the evidence presented, the VOP court found Appellant to be a convicted and technical probation violator, and immediately imposed an aggregate revocation sentence of two to five years in prison, followed by six years of state-supervised probation.[3]

On December 19, 2016, Appellant filed a motion to modify sentence, which was denied on January 4, 2017. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Thereafter, the trial court filed its Pa.R.A.P. 1925(a) opinion.

_____

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756 (1973); *see also Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa.Super. 2000) (explaining that when a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing (a "*Gagnon I*" hearing) of probable cause to believe a violation was committed; upon a finding of probable cause, a second, more comprehensive hearing (a "*Gagnon II*" hearing) follows before the trial court makes its final revocation decision).

[3] Appellant's revocation sentence was to be served consecutively to the sentence imposed at No. CP-02-CR-1502-2015.

- 3 -

Appellant raises the following claims for our review:

1. Did the [VOP] court err by violating Appellant's probation based on conditions of probation set by the Pennsylvania Board of Probation and Parole[,] and not set by the trial court?

2. Did the [VOP] court err by finding a violation of probation for the Appellant due to the use of cocaine, when the evidence was insufficient to demonstrate that the [Appellant] used or possessed this substance?

3. Did the [VOP] court err by revoking Appellant's probation and sentencing Appellant to additional incarceration in excess of what is reasonably necessary to satisfy the goals of the sentencing process?

Appellant's brief at 3.

This Court's review of a sentence imposed following the revocation of probation "is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." *Commonwealth v. Perreault*, 930 A.2d 553, 557 (Pa.Super. 2007) (internal citation omitted). "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa.Super. 2008).

Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will

not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

**Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa.Super. 2014) (quotation marks and citations omitted).

Appellant's arguments are confined to his technical violations, and therefore overlook his violations stemming from his convictions at No. CP-02-CR-1502-2015, for resisting arrest and disorderly conduct. Based on those convictions, the VOP court was authorized to revoke Appellant's probation, regardless of whether he committed any technical violations. Having set forth that observation, we now turn our attention to Appellant's specific issues.

In his first claim, Appellant contends that the VOP court erred in determining that he violated his probation based on conditions imposed by Mr. Sobol, as an agent of the Pennsylvania Board of Probation and Parole ("Board"). Citing **Commonwealth v. Elliot**, 50 A.3d 1284 (Pa. 2012), Appellant argues that the Board lacked the authority to impose conditions on Appellant, including the prohibition from purchasing or consuming alcohol. Appellant claims that, although the trial court was authorized to impose such conditions on Appellant, pursuant to 42 Pa.C.S. § 9754(c), it did not do so.

Appellant also contends that his violation due to assaultive behavior cannot stand because it was based on the same testimony on which a jury found him not guilty of simple assault at No. CP-02-CR-1502-2015. *Id*.

The trial court's authority to set forth conditions of probation is set forth in the Sentencing Code at 42 Pa.C.S. § 9754, which provides, in pertinent part:

> **(a) *General rule.*** — In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.
>
> **(b) *Conditions generally.*** — The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.
>
> **(c) *Specific conditions.*** — The court may as a condition of its order require the defendant:
>
> . . .
>
> **(3)** To undergo available medical or psychiatric treatment and to enter and remain in a specified institution, when required for that purpose.
>
> . . .
>
> **(12)** To participate in drug or alcohol treatment programs.
>
> **(13)** To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

. . .

42 Pa.C.S. § 9754(a), (b), and (c)(3), (6), (10), (12), (13).

Pursuant to the Prisons and Parole Code, "the [B]oard shall have the power and its duty shall be: … [t]o establish, by regulation, uniform Statewide standards for: . . . [t]he supervision of probationers." 61 Pa.C.S. § 6131(a)(5)(ii).

In *Elliot*, our Supreme Court analyzed the Sentencing Code *in pari material* with the Prisons and Parole Code and concluded: "a trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation." 50 A.3d at 1292. At issue in *Elliot*, as in the instant appeal, was whether a condition imposed by the Board was valid, insofar as the Board, rather than the sentencing judge, imposed the condition. The *Elliott* court clarified that, pursuant to section 6131(a)(5)(ii), the Board or its agents are authorized to impose more specific conditions of supervision pertaining to probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation. *Id*. at 1291.

Here, Mr. Sobol was authorized to impose specific conditions of supervision in furtherance of the trial court's conditions of probation. As part of Appellant's original sentence, the trial court ordered Appellant to undergo a drug and alcohol evaluation, based on his history of alcohol

abuse. After observing Appellant leaving a bar, Mr. Sobol imposed the additional condition of supervision that Appellant refrain from purchasing or consuming alcohol. As this condition was in furtherance of the trial court's sentencing order, and Appellant's rehabilitation, Mr. Sobol was authorized to impose it. *See id*. at 1289. Therefore, the VOP court did not err in finding that Appellant violated his probation by not complying with the condition of supervision imposed by Mr. Sobol concerning the prohibition from consuming alcohol.

We now turn to Appellant's claim that his violation of probation due to assaultive behavior cannot stand because it was based on the testimony of Mr. Sobol, on which Appellant was acquitted of simple assault at No. CP-02-CR-1502-2015. Appellant conflates the standard of proof required in revocation proceedings with that required in criminal proceedings.

> The burden of proof for establishing a violation of probation is a preponderance of the evidence, lesser than the burden in a criminal trial of proof beyond a reasonable doubt. But there are other noteworthy differences between a probation revocation hearing and a criminal trial, and the manner in which each proceeding affects the other also is significant:
>
> The focus [of] a probation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future anti-social conduct. It must be emphasized that a probation revocation hearing is not a trial: The court's purpose is not to determine whether the probationer committed a crime. ... The degree of proof necessary for probation revocation is less than that required to sustain a criminal conviction. Probation

> may be revoked on the basis of conduct which falls short of criminal conduct.

***Commonwealth v. Castro***, 856 A.2d 178, 180 (Pa.Super. 2004) (citations and internal quotations omitted); ***see also Commonwealth v. Ortega***, 995 A.2d 879, 886 (Pa.Super. 2010) (holding that "[t]he question before us, therefore, is not whether the evidence admitted at the VOP hearing would, if admitted at trial, suffice to convict [the appellant] beyond a reasonable doubt . . . but whether it showed by a preponderance of the evidence that probation had proven ineffective in rehabilitating [the appellant] and deterring him from antisocial behavior.").

At the violation hearing, Mr. Sobol testified that Appellant violated his probation by assaulting Mr. Sobol during the arrest, causing injuries to Mr. Sobol. N.T. Violation Hearing, 12/9/16, at 4. The VOP court credited the testimony of Mr. Sobol. Accordingly, we find no error in the VOP court's determination that the testimony of record was sufficient to demonstrate, by a preponderance of the evidence, that Appellant engaged in assaultive behavior and that Appellant's probation was ineffective in accomplishing rehabilitation and had not deterred future antisocial conduct. ***See Colon***, 102 A.3d at 1042.[4]

---

[4] Moreover, Appellant was convicted of resisting arrest. That new conviction, alone, sufficiently established that probation was ineffective in accomplishing rehabilitation.

In his brief, Appellant declined to discuss his second claim. Accordingly, he abandoned it. In his third claim, Appellant asserts that his revocation sentence is excessive and unreasonable, and that the VOP court failed to consider that Appellant (1) caused no threat to the safety of the community; (2) had already spent time in prison for these offenses; and (3) did not show a propensity to commit future criminal behavior by imbibing alcohol.

When reviewing a criminal sentence, we apply the following standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014) (citing *Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa.Super. 2007)). However, the right to appeal the discretionary aspects of a sentence is not absolute. We determine whether Appellant has invoked this Court's jurisdiction by examining the following four criteria:

> whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a

- 10 -

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa.Super. 2016) (citing *Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014)).

Appellant filed a timely notice of appeal, but did not specifically raise his present discretionary aspects of sentencing claim in his motion to modify sentence. Hence, it is waived. Moreover, Appellant failed to include in his brief a Rule 2119(f) statement, and the Commonwealth has objected. *See Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa.Super. 2006) (holding that this Court is precluded from reaching the merits of a discretionary aspects of sentencing claim when the appellant fails to include a Rule 2119(f) statement, and the Commonwealth lodges an objection to the omission of the statement). Thus, we are precluded from reaching the merits of this claim.

Appellant has also filed a *pro se* "Petition for the appointment of substitute counsel and permission to amend brief and statement of errors." Pennsylvania courts do not permit hybrid representation. *See Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa.Super. 2016) (holding that, when a petitioner is represented by counsel, *pro se* motions have no legal effect and, therefore, are legal nullities). As Appellant is represented by counsel, we decline to address his *pro se* filing.

Judgement of sentence affirmed. "Petition for the appointment of substitute counsel and permission to amend brief and statement of errors" denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/2018