J-S62003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL ANE | : | |
| | : | |
| Appellant | : | No. 2162 EDA 2017 |

Appeal from the Judgment of Sentence June 2, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010383-2011

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 28, 2018**

Gabriel Ane appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia, following revocation of his probation. Counsel has also filed an application to withdraw on appeal pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  After careful review, we affirm and grant counsel's petition to withdraw.

Ane was convicted of possession with intent to deliver a controlled substance[1] on February 1, 2012, and sentenced to 2-4 years' incarceration, followed by two years of probation.  Ane was released from custody and began serving his probationary sentence on August 28, 2015.  After reporting to

_____

[1] 35 P.S. § 780-113(a)(16).

probation in September 2015, Ane absconded[2] and failed to report to his probation officer for almost one year. Wanted cards were issued for Ane on February 19, 2016. On December 15, 2016, Ane was arrested on unrelated charges, which were later withdrawn by the prosecution. On June 2, 2017, the court held a *Gagnon II*[3] hearing, after which it revoked Ane's probation for his non-reporting violation. The court imposed a probation revocation sentence of 1 to 2 years' incarceration,[4] followed by two years of probation and vocational and drug training.[5] Ane filed a timely petition to vacate/reconsider sentence, that the court denied on July 13, 2017.

_____

[2] Ane's probation officer testified that all attempts to contact Ane were unsuccessful. *Gagnon II* Hearing, 6/2/17, at 4.

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). A *Gagnon II* hearing entails a consideration of whether the facts determined warrant revocation and whether the probationer has, in fact, acted in violation of one or more conditions of his probation.

[4] The court initially sentenced Ane to 6-23 months of incarceration, with a two-year probationary tail. However, Ane interjected that he wanted to be sent upstate and get a sentence of 1-2 years' incarceration, to which the court agreed. N.T. Probation Revocation Hearing, 6/2/17, at 15-16. When defense counsel tried to retract Ane's request for state time the court stated, "Well, it's too late. He ran his mouth, so that's what he's going to get. This isn't play [sic] school here." *Id.* at 17. Ane then challenged the court again, telling the trial judge that her sentence was not legal, that the "[S]upreme [C]ourt is a higher judge than you" and to "[g]ive me more time then." *Id.* at 18. Despite Ane's continued objections to the court, the trial judge did not further increase his sentence or find him in contempt of court. Nevertheless, Ane's sole claim on appeal is with regard to the discretionary aspects of his sentence.

[5] The court also concluded that Ane was eligible for the Recidivism Risk Reduction Incentive (RRRI) program. *Id.* at 19.

This timely appeal follows in which Ane presents one issue for our consideration:  Did the court err and abuse its discretion under 42 Pa.C.S. § 9771(c) where[,] after revoking [Ane]'s probation, it imposed a sentence of total confinement based solely on his technical violation of non-reporting? *Anders* Brief, at 3.

Before we review the claim raised on appeal by Ane, we must first determine whether counsel has complied with the requirements to withdraw pursuant to *Anders*.  In order for counsel to withdraw from an appeal pursuant to *Anders*, counsel must:

(1)    provide a summary of the procedural history and facts, with citations to the record;

(2)    refer to anything in the record that counsel believes arguably supports the appeal;

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Daniels*, 999 A.2d 590, 593  (Pa. Super. 2010) (citing *Commonwealth v. Santiago,* 178-79, 978 A.2d 349, 361 (Pa. 2009).

Instantly, counsel has complied with the dictates of *Anders* by conscientiously examining the record for anything that would arguably support an appeal, notifying Ane of his request to withdraw and furnishing him a copy of his *Anders* brief, advising Ane of his right to retain new counsel or proceed

*pro se*,[6] and setting forth his reasons for concluding that the appeal is frivolous. We may now proceed to address the issue on appeal.

Ane contends that the court was not justified, pursuant to 42 Pa.C.S. § 9771(c), to sentence him to imprisonment where his sole technical violation of probation was for non-reporting. Ane's claim implicates the discretionary aspects of his sentence.

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014). An appellant must satisfy the following four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

**Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Instantly, Ane preserved this issue by raising it in his timely petition to vacate/reconsider sentence and also filed a timely notice of appeal. However, he failed to include a separate Pa.R.A.P. 2119(f) concise statement in his brief. However, because the Commonwealth has not objected to its omission, we

---

[6] Ane has not filed a response to counsel's **Anders** brief.

will not find waiver on this basis. ***Commonwealth v. Raybuck***, 915 A.2d 125 (Pa. Super. 2006). Next, we must assess whether Ane has raised a substantial question to invoke our review. We conclude he has. ***See Commonwealth v. Colon***, 102 A.3d 1033 (Pa. Super. 2014) (defendant's claim that trial court sentenced him to term of total confinement based solely on technical violation raises substantial question for our review); ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'") (citation omitted).

The "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Perreault***, 930 A.2d 553, 558 (Pa. Super. 2007). The scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation. ***Commonwealth v. Infante***, 888 A.2d 738 (Pa. 2005). Moreover,

> [w]hen assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (citation omitted).

"[T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.]" *Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010) (citations and internal quotations omitted). "A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to Ane been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id.*

Once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

At his *Gagnon II* hearing, Ane told the court that while he was on probation his Godmother passed away, one of his brothers died due to drugs, he had been working at a construction job, and he had wrongfully been arrested for drug possession. N.T. Probation Revocation Hearing, 6/2/17, at

8-9. Ane admitted that he did not report to his probation officer from December 2015 until he was arrested one year later in December 2016. *Id.* at 9-10.

The court pointed out to Ane that while he was on probation he never notified his probation officer that he was having personal issues, never paid court fines/costs, and never gave urine samples from December 2015 to December 2016. *Id.* at 10-11. The court also recognized that the only reason Ane appeared at the probation revocation hearing was because he had been arrested on unrelated charges. *Id.* at 12. In revoking Ane's probation the court stated:

> So, clearly [Ane] is in technical violation of his probation. Actually, what I think what the Commonwealth is asking for is reasonable, it makes a lot of sense, given the circumstances. We can't ignore people who just abscond and disappear and accept that and give them further probation. That's not how we operate. You have to understand that you can't disappear and just go off or you will be incarcerated. It's not going to be tolerated.

*Id.* at 14.

Instantly, it is apparent from the record that the court imposed a sentence of total confinement upon Ane because it felt that it was "essential to vindicate [its] authority." 42 Pa.C.S. § 9771(b). As the court noted, Ane failed to comply with his reporting probation requirements for one year, never contacted his probation officer to explain why he had absconded, and continued to "r[u]n his mouth" at the trial judge when she attempted to hand down her revocation sentence. We find no abuse of discretion. *Perreault*, *supra*.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/28/18</u>