J-S74013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC JONES | : | |
| | : | |
| Appellant | : | No. 103 EDA 2018 |

Appeal from the Judgment of Sentence December 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006510-2012

BEFORE: LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 14, 2018**

Eric Jones appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following the revocation of his probation. After careful review, we affirm.

On October 12, 2012, Jones was convicted, after a bench trial,[1] of possession with intent to deliver[2] and possession of a controlled substance.[3] He was sentenced to 10-20 months' imprisonment, with immediate parole to an inpatient treatment facility to address his opiate addiction, followed by

_____

[1] Because the trial judge, the Honorable Carolyn Nichols, is no longer sitting on the Philadelphia County Court of Common Pleas bench, no Pa.R.A.P. 1925(a) opinion has been prepared for purposes of this appeal.

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(16).

three years of probation. On June 21, 2013, Jones was granted early parole to a treatment facility. Jones completed two months of inpatient treatment in June 2014, and began working at a local ironworkers' union. Jones failed to report to his probation officer from June to October 2014. In October 2014, Jones reported to his probation officer for four visits, after which he failed to report again on February 5, 2015. Jones subsequently reported thirteen days late, on February 18, 2015, and again on March 18, 2015; he absconded until May 22, 2015. Jones ultimately informed his probation officer that he had relapsed with drug use and, in July 2015, Jones was admitted to inpatient treatment at the Kirkbride Center in University City. Jones was discharged from Kirkbride on September 22, 2015, for distributing benzodiazepines.

Between April and October 2015, Jones was arrested, charged, and found guilty of multiple counts of criminal trespass. On October 30, 2015, the court found Jones in violation of his probation, revoked his probation, and resentenced him to 11½-20 months' imprisonment, with immediate parole to an inpatient treatment program, followed by three years of probation.

At his most recent **Gagnon II**[4] hearing, the Commonwealth presented evidence that Jones had stopped reporting to the probation department on

_____

[4] **Gagnon v Scarpelli**, 411 U.S. 778 (1973). A **Gagnon II** hearing entails a consideration of whether the facts determined warrant revocation and whether the probationer has, in fact, acted in violation of one or more conditions of his probation.

November 12, 2016,[5] and was finally arrested in July 2017 on the instant violation. Jones' attorney stated at the hearing that his client had successfully completed inpatient treatment at the Kirkbride Center in March 2016. However, when Jones was released from Kirkbride and began outpatient treatment, he became homeless.[6] At that point, he relapsed and stopped reporting to his probation officer. Jones' probation officer recommended that his probation be revoked. N.T. Probation Revocation Hearing, 12/1/17, at 11. Defense counsel recommended probation and court-ordered drug treatment. *Id.* at 13. Ultimately, the court concluded that a state sentence of 1-2 years' incarceration, with a probationary tail and court-ordered drug treatment, was appropriate, stating:

> [W]hat I've been getting in response to my giving [Jones] a break is nothing but more arrests. Minor arrests, albeit. Minor. You know, criminal trespass, but over eight, over a period of the time that he's been under my supervision, in addition to disappearing for almost a year. You know, I know he's had his ups and downs, but he's been in three facilities now, Kirkbride, Wedge, and NET. So the help has been given. It's been given.
>
> And the last time he was here, we still didn't give him a state sentence when he violated last time. We gave him another opportunity the last time that he was here on 10/30/15 with six criminal trespass, albeit summaries, but six arrests under my supervision. But even then, I gave him county, 11 and a half to 23 months, immediate parole to inpatient treatment. We kept trying. So that was two times that we tried, the original sentence,

_____

[5] Jones had actually stopped reporting to his probation officer as early as April 2016, however when he voluntarily contacted his probation officer in June 2016, wanted cards for Jones were removed.

[6] Jones was arrested multiple times for criminal trespass in April 2016 and was separately convicted of those offenses in May and June 2016.

where the Commonwealth was at two to four, and then at the violation I gave him county, and now here we are again and I'm reward[ed] with absconding. He's disappearing, flat out, period.

So that shows me that after all of this energy since 2012, and look at this, this is what I'm getting this is what I get, and we're right back here again. Mr. Jones has demonstrated that he is not a candidate for probation. He's, certainly, not a candidate for house arrest, because we would surely be back here with equipment. If he can't even follow without the monitor, I can imagine what would happen with the monitor. So that's not going to happen.

So, the defendant is in technical violation of his probation for the absconding and the arrests. And the criminal trespass matters are summaries, and summaries are not considered direct violations. So although they're arrests, he pled guilty, but, you know, they're not considered direct violations, so we understand that. So certainly, the defendant is in technical violation of his probation from absconding from October of 2016 through July of 2017.

So this time I'm going to do something a little different. We tried county sentences twice, and it didn't work. So this time I'm going to sentence to a state sentence of one to two years of state incarceration, plus three years of reporting probation. Now, if that doesn't work, then we're going to go deeper into the state system, because I've tried and we're just not getting anywhere. You've been to three treatment facilities, two county sentences and getting nowhere.

N.T. Probation Revocation Hearing, 12/1/17, at 17-20.

On December 11, 2017, Jones filed a timely petition to vacate and to reconsider his sentence.[7] On December 26, 2017, he filed a timely notice of

_____

[7] The record does not indicate that the trial judge disposed of the post-sentence motion, presumably because she left the bench in 2017 following her election to the Pennsylvania Superior Court. However, pursuant to Pa.R.Crim.P. 720:

appeal and Rule 1925(b) concise statement of errors complained of on appeal.

Jones presents one issue for our review: "Does not a sentence of 1 to 2 years['] total confinement, imposed by the revocation court for a technical violation of probation, represent an abuse of discretion and violate the Sentencing Code in that it did not consider [Jones'] rehabilitative needs and was not essential to vindicate the authority of the court?" Appellant's Brief, at 3.

Jones contends that the court imposed a disproportionate revocation sentence where his sole technical violation was for non-reporting and where total confinement does not support his rehabilitative needs as a recovering drug addict. His claim implicates the discretionary aspects of his sentence.

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super.

---

The judge shall not vacate sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.

(a)     Except as provided in paragraph (B)(3)(b), the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. **If the judge fails to decide the motion within 120 days,** or to grant an extension as provided in paragraph (B)(3)(b), **the motion shall be deemed denied by operation of law.**

Pa.R.Crim.P. 720(B)(3)(a) (emphasis added).

2014). An appellant must satisfy the following four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Instantly, Jones preserved this issue by raising it in his timely petition to vacate and reconsider sentence and by filing a timely notice of appeal. Jones has also included a separate Pa.R.A.P. 2119(f) concise statement in his brief. Next, we must assess whether Jones has raised a substantial question to invoke our review. We conclude he has. *See Commonwealth v. Colon*, 102 A.3d 1033 (Pa. Super. 2014) (defendant's claim that trial court sentenced him to term of total confinement based solely on technical violation raises substantial question for our review); *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'") (citation omitted).

The "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion."

*Commonwealth v. Perreault*, 930 A.2d 553, 558 (Pa. Super. 2007).  The

scope of review in an appeal following a sentence imposed after probation

revocation is limited to the validity of the revocation proceedings and the

legality of the sentence imposed following revocation.  *Commonwealth v.*

*Infante*, 888 A.2d 738 (Pa. 2005).[8]  Moreover,

> [w]hen assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison.  In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012)

(citation omitted).

"[T]he reason for revocation of probation need not necessarily be the

commission of or conviction for subsequent criminal conduct.  Rather, this

Court has repeatedly acknowledged the very broad standard that sentencing

courts must use in determining whether probation has been violated[.]"

*Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa. Super. 2010) (citations

and internal quotations omitted).  "A probation violation is established

whenever it is shown that the conduct of the probationer indicates the

probation has proven to have been an ineffective vehicle to accomplish

rehabilitation and not sufficient to deter against future antisocial conduct."

*Id.*

---

[8] Since Jones was sentenced following the revocation of probation, the Sentencing Guidelines do not apply to his sentence.  *See* 204 Pa. Code § 303.1(b).

Once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Despite what Jones argues on appeal, the record demonstrates that the trial court was fully aware of, and considered, his rehabilitative needs, including his drug addiction, and county-versus-state sentencing options. This case is a perfect example of one in which "probation has proven to have been an ineffective vehicle to accomplish rehabilitation and [is] not sufficient to deter against future antisocial conduct." **Ortega**, **supra**. Simply put, the trial court had run out of options and believed that the state system was the only viable recourse for Jones. While Jones sadly has a deep-rooted addiction problem, albeit as a result of taking painkillers following a back surgery in 2000, he has been unable to rehabilitate himself on probation despite the many chances given to him by the court over the past six years. N.T. Probation Revocation Hearing, 12/1/17, at 17-18 ("You have a rape conviction in 1985, sexual assault in 2006. He's been arrested 16 times with eight convictions. . . . Multicounty violator, Montgomery County, Chester County, with assaults, thefts, indecent assaults, possession of an instrument of crime

charges, all over the place, and that's why the Commonwealth was where it was back in 2012. . . . I gave him a county sentence of 10 to 20 months, plus probation, and gave him the opportunity to get into FIR and clean up himself."). Accordingly, we conclude that the court's probation revocation sentence is not an abuse of discretion where the court "balance[d] the interests of society in preventing future criminal conduct by [Jones] against the possibility of rehabilitating [him] outside of prison." **Simmons**, 56 A.3d at 1284; *see Colon*, *supra* (where attempted rehabilitation for substance abuse problems repeatedly failed, state-time probation revocation sentence not abuse of discretion where record, as whole, reflects sentencing court's consideration of facts of crime and character of offender).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/18